COMMONWEALTH OF KENTUCKY
BOONE COUNTY CIRCUIT COURT
DIVISION _____
CASE NO.: 18-CI-0_____
*Electronically Filed*

**SHIRLEY LEGG**                                                                  **PLAINTIFF**

-v-

**LOWES HOME CENTERS, LLC**
    Serve at: Corporation Service Company
    421 W. Main Street
    Frankfort, KY 40601
    *By Certified Mail*

**AND**

**COLE LO FLORENCE KY, LLC**
    Serve at: 2325 E. Camelback Rd.
    Suite 1100
    Phoenix, AZ 85016
    *By Secretary of State*

**AND**

**JOHN DOE**                                                                      **DEFENDANTS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**COMPLAINT**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    Comes now the Plaintiff, **SHIRLEY LEGG**, thru Counsel and for her causes of action states as follows:

### JURISDICTIONAL ALLEGATIONS

1. The Plaintiff, **SHIRLEY LEGG** (hereinafter **LEGG**) is a resident of Burlington, Kentucky;

2. The Defendant, **LOWES HOME CENTERS, LLC** (hereinafter **LOWES**), at all times relevant to this action was and remains a Limited Liability Corporation with its principle place of business at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697 and is licensed to do

business in Kentucky. Additionally, **LOWES** owns, occupies, and/or operates a business located at 4800 Houston Road, Florence, Kentucky 41042.

3. The Defendant, **COLE LO FLORENCE KY, LLC.** (hereinafter **COLE LO**), at all relevant times to this action was a Limited Liability Corporation with its principal place of business at 2325 East Camelback Road, Suite 1100, Phoenix, Arizona 85016 and was licensed to do business in Kentucky. Additionally, **COLE LO** may own the building located at 4800 Houston Road, Florence, Kentucky 41042.

4. The true name and capacity, whether individual or otherwise, of Defendant, **JOHN DOE**, is unknown to Plaintiff, who therefore sues such Defendant by a fictitious name. Plaintiff will seek leave of this Court to amend this Complaint with the true name and capacity of **DOE** when and if necessary, and the true name becomes known to Plaintiff. Plaintiff is informed and believe, and thereon allege, that the fictitiously named Defendant **DOE** is responsible in some manner for claims and damages sued upon herein.

5. There is personal jurisdiction over all the parties and an appropriate venue for this action is Boone County, Kentucky pursuant to KRS 452.450 & 452.460(1) since the injury occurred on the premises of the Lowes Home Improvement store, which is located in Boone County, Kentucky.

6. The amount in controversy exceeds this Court's jurisdictional minimum.

## FACTUAL ALLEGATIONS

7. On October 13, 2017, **LEGG** was shopping at the Lowes Home Improvement store located at 4800 Houston Road, Florence, Kentucky 41042;

8. **LEGG** was walking from the "Home and Garden" section of the store and into the main store area when she tripped on a metal threshold in the doorway;

Package:000004 of 000008

Presiding Judge: HON. RICHARD A. BRUEGGEMANN (654349)

Package : 000004 of 000008

9. The metal threshold in the doorway that caused **LEGG** to trip was raised approximately one half inch above the floor and there was no appropriate warning in place to caution **LEGG** of the raised threshold;

10. As a result of the dangerous condition of the metal threshold in the doorway, **LEGG** fell to the ground causing injuries to her right elbow;

11. **LOWES** was aware of the dangerous condition of the metal threshold in the doorway prior to October 13, 2017. The metal threshold was originally painted yellow to warn customers of the danger, however the yellow paint has since warn off and there was no other warning in place to warn customers of the hazardous change in height of the threshold on the date of the accident;

12. That **COLE LO** and **JOHN DOE** are being named as co-defendants out of an abundance of caution to ensure that the proper person and/or corporate entity is identified, named, and served and based upon the belief that all named Defendants owns, leases, and/or operates the building located at 4800 Houston Road, Florence, KY 41042.

## COUNT I
### General Negligence

13. That Defendants improperly, negligently, and carelessly allowed raised metal threshold in the doorway of the "Home and Garden" section of the store, which is open to public use; and failed to notify the public or **LEGG** that the hazard existed, which created an unreasonable risk of harm to its customers who had to use this area in order to get to and from the home and garden section of the store;

14. That Defendants owe a duty of care to its customers, including **LEGG**, as it relates to common areas and maintaining them in a safe condition.

15. That such duty attached to **LEGG** as a customer;

16. That Defendants knew or should have known, in the exercise of the duty of care, that the condition of the metal threshold located in the doorway accessed by the public would create an unreasonable risk of harm to its customers, including **LEGG**, as notification of the hazard was no longer present;

17. That Defendants, in the exercise of the duty of care, should have anticipated or expected that its customers, including **LEGG**, would not discover, appreciate or realize the potential danger created by the raised metal threshold in its ordinary and expected environment of use; or having discovered, appreciated or realized the potential danger been foreseeably distracted while shopping in the store;

18. That as a result of this dangerous condition created by Defendants, **LEGG** tripped and fell as a result of the metal threshold negligently and carelessly maintained having allowed the yellow warning paint to wear off, thus camouflaging the raised threshold, and allowed to remain even after notice of its danger, resulting in serious injury to her right elbow;

19. That as a direct and proximate result of Defendants conduct as mentioned in Paragraphs 13 – 18, above, **LEGG** sustained serious injuries to her body generally and her right elbow in particular; incurred medical expenses, to date, in the approximate amount of $43,603.36, suffered physical and mental, pain and anguish, the loss of enjoyment of life and will continue to incur such special and general damages in the future; and that she is now unable to have the full range and use of her right arm and elbow and is more vulnerable to the increased likelihood of future complications;

## COUNT II
### Premises Liability

20. This Count is being pled in the alternative pursuant to CR 8.05(2). The **FACTUAL ALLEGATIONS** contained in Paragraphs 7 – 12 and the **NEGLIGENCE ALLEGATIONS** contained Paragraphs 13 - 19 are hereby reaffirmed and readopted;

21. That the events which took place on October 13, 2017 occurred in the entry way and common area of Florence Lowes Home Improvement which made **LEGG** an invitee.

22. There was a duty on the part of Defendants to its invitees, including **LEGG**, to warn of all dangers which are not open and obvious and if a particular harm is or should be foreseeable, to prevent it from happening;

23. That Defendant breached its duty to its invitee, **LEGG**, for the injuries sustained when she tripped and fell as a result of the raised metal threshold in which the yellow paint that had warned of its existence had worn off, thereby camouflaging the raised threshold, and it was allowed to remain, without warning, even after notice of its danger;

24. That as a direct and proximate result of Defendants' negligence as mentioned in Paragraphs 20 – 23, above, **LEGG** sustained the injuries and damages previously set forth **COUNT I, Paragraph 19.**

**WHEREFORE**, the Plaintiff, **LEGG** demands as follows:

A. For compensatory damages in the amount deemed fair, just, and reasonable by the trier of fact, including but not limited to:
   1. Past and future medical expenses;
   2. Loss of enjoyment of life; and
   3. Past and future mental and physical pain and suffering.
B. For her costs expended herein;
C. For a JURY TRIAL on all issues so triable; and
D. For any and all other relief to which she may appear to be entitled, including a reasonable attorney's fee.

RESPECTFULLY SUBMITTED,

/s/ Wesley K. Williams
Wesley K. Williams, KBA #: 92174
*DETERS, FICHNER & WILLIAMS, PLLC*
6111B Burgundy Hill Dr.
Burlington, Kentucky 41005
*Attorney for Plaintiff*

Package:000007 of 000008
Presiding Judge: HON. RICHARD A. BRUEGGEMANN (654349)
Package : 000007 of 000008

## CERTIFICATION

The undersigned does hereby certify that the following entities have been notified of the pendency of this action by provision of a true and accurate copy of this complaint via certified mail, return receipt requested, for any and all purposes relating to subrogation interests which might be asserted herein, or any other purpose which, under law, might mandate notice of the pendency of this action. Pursuant to KRS 411.188, you are respectfully notified that failure to assert subrogation rights in this case by intervention pursuant to Kentucky Civil Rule 24 will result in loss of those rights with respect to any final award received by the plaintiff as a result of this action.

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Centers for Medicare & Medicaid Services

  IN RE:  Our Client/Your Insured: Shirley Legg
       Your Claim No.: 137423455A
       DOI: 10/13/2017

               This 12 day of October, 2018.

                /s/ Wesley K. Williams
                Wesley K. Williams
                *Attorney for Plaintiff*